UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DANIEL P. BOOS, )
)
    Petitioner, )
)
v. ) Case No. 06-1292
)
RICK VEACH, Warden, )
)
    Respondent. )

**O R D E R**

This matter is now before the Court on Daniel Boos' ("Boos") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and the Government's Motion to Dismiss. For the reasons set forth below, the Motion to Dismiss [#6] is GRANTED, and Boos' Petition [#2] is DISMISSED.

**Background**

On March 18, 2002, Boos pled guilty to charges of Unlawful Transport of Firearms and Selling, Distributing, or Dispensing a Controlled Substance in the United States District Court for the Western District of Wisconsin. He was sentenced to 240 months' imprisonment and 120 months' imprisonment respectively, with the terms to run consecutively. Boos' Judgment and Commitment Order was filed on July 23, 2003. He is currently incarcerated at the Federal Correctional Institution in Pekin, Illinois.

Boos pursued a direct appeal from his sentence and conviction, and the Court of Appeals affirmed on June 23, 2003. He then filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, which was also denied on February 15, 2005. Boos' request for a Certificate of Appealability was denied on June 14, 2005. He pursued

a Petition for Writ of Certiorari to the United States Supreme Court, which was denied on February 21, 2006.

Boos has now filed the present Petition pursuant to 28 U.S.C. § 2241, arguing that he is actually innocent because he has "newly discovered evidence" that was available at the time of sentencing but was not presented to the court due to ineffective assistance of counsel. The Government has responded with a Motion to Dismiss, and this Order follows.

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3). Furthermore, relief under § 2241 is "reserved for attacking the execution, not imposition, of a sentence." Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003).

Here, however, Boos is clearly not attempting to challenge the circumstances of his confinement. Rather, he is attempting to use § 2241 as a vehicle for raising a second or successive collateral attack on his conviction and sentence. Specifically, he alleges that his sentence was improperly enhanced under §§ 2D1.1(d)(1) and 2A1.1 of the Sentencing Guidelines for first degree murder because he is actually innocent of the murder of Robert Melby ("Melby"). In support of this assertion, Boos cites forensic testing conducted by a medical examiner on November 8, 1990, and claims that this evidence somehow proves that Melby did not die on the date alleged by the prosecution at trial. Accordingly, this Petition involves a collateral attack on Boos' sentence, which would traditionally be brought pursuant to 28 U.S.C. § 2255.

However, Boos has previously pursued § 2255 relief and is now barred from pursuing further relief under that section unless he first obtains permission from the Court of Appeals to bring a second or successive motion, which has not been granted in this case, or qualifies as one of the few instances in which petitioners may seek collateral relief under § 2241. Gray-Bey v. United States, 209 F.3d 986, 988-90 (7th Cir. 2000); In re Davenport, 147 F.3d 605, 610-12 (7th Cir. 1998).

In Davenport, the Seventh Circuit held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 611. To be allowed to proceed, three additional conditions must also be met: (1) the change of law has to have been made retroactive by the Supreme Court; (2) it must be a change that eludes the permission in section 2255 for successive motions; and (3) "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated. Id. at 611-12.

Here, Boos clearly fails the first prong of In re Davenport, as its is clear that he does not rely on any change of law, much less one that is retroactively applicable. He had the opportunity to pursue a direct appeal, §2255 motion, and a certificate of appealability, and did in fact pursue these mechanisms for obtaining correction of what he believes to be an unlawful sentence.

Moreover, federal inmates are permitted to pursue collateral relief through § 2241 only where the remedy provided by §2255 "is inadequate or ineffective to test the legality of his detention." Taylor v. Gilkey, 314 F.3d 832, 834 (7th Cir. 2002). Section 2255 is only inadequate when the prohibition against second or successive motions prevents a prisoner

from obtaining review of a legal theory that establishes his "actual innocence" or where a structural problem forecloses even one round of effective collateral relief. Id., at 835.

Like the situation in Davenport, even assuming that his assertions have merit, Boos is attacking only his sentence and not his conviction. Thus, he is "innocent," if at all, only in a technical sense. Furthermore, despite his claims to the contrary, there is nothing about the forensic evidence he is relying on that is "new." The evidence clearly existed at the time of his conviction and sentencing, and a careful review of his petition reveals that he does not argue that this evidence was unknown to his counsel at that time. To the contrary, he simply asserts that his counsel was "ineffective for failing to fully investigate Dr. Roe' [sic] forensic reports and discover reliable evidence that proves under any standard that boos [sic] did not murder Robert Thomas Melby." Thus, it would appear that § 2255 was neither inadequate nor ineffective to test the validity or legitimacy of Boos' sentence.

Accordingly, his § 2241 petition constitutes an improper attempt to avoid the procedural limitations and requirements attendant to motions brought under § 2255 and is not the type of situation that the Seventh Circuit contemplated in establishing the narrow avenue for certain collateral claims to be reviewed under § 2241. Having failed to meet the prerequisites established in Davenport, he is not entitled to proceed under § 2241, and his petition must be dismissed without prejudice to the opportunity to seek permission to bring a second or successive petition from the Court of Appeals.

**Conclusion**

For the reasons set forth herein, the Government's Motion to Dismiss [#6] is GRANTED, and the Petition for Writ of Habeas Corpus [#2] is dismissed for lack of jurisdiction.

ENTERED this 15th day of February, 2007.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
